E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KYLE W. KAHAN (Cal. Bar No. 298848)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2238
     Facsimile: (213) 894-0141
     E-mail:    kyle.kahan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 21-586(A)-JFW-1 |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MICHALEA LATISE BARKSDALE |
| v. | |
| MICHALEA LATISE BARKSDALE, aka "Miichi Bee," | |
| Defendant. | |

1.   This constitutes the plea agreement between MICHALEA LATISE BARKSDALE, also known as "Miichi Bee," ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts one and

sixteen of the first superseding indictment in <u>United States v.</u>
<u>Michalea Latise Barksdale</u>, CR No. 21-586(A)-JFW-1, which charge
defendant with Bank Fraud in violation of 18 U.S.C. § 1344(2), and
Possession of Fifteen or More Unauthorized Access Devices in
violation of 18 U.S.C. § 1029(a)(3).

        b.   Not contest facts agreed to in this agreement.

        c.   Abide by all agreements regarding sentencing contained
in this agreement.

        d.   Appear for all court appearances, surrender as ordered
for service of sentence, obey all conditions of any bond, and obey
any other ongoing court order in this matter.

        e.   Not commit any crime; however, offenses that would be
excluded for sentencing purposes under United States Sentencing
Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
within the scope of this agreement.

        f.   Be truthful at all times with the United States
Probation and Pretrial Services Office and the Court.

        g.   Pay the applicable special assessments at or before
the time of sentencing unless defendant has demonstrated a lack of
ability to pay such assessments.

        h.   Defendant agrees that any and all criminal debt
ordered by the Court will be due in full and immediately.  The
government is not precluded from pursuing, in excess of any payment
schedule set by the Court, any and all available remedies by which to
satisfy defendant's payment of the full financial obligation,
including referral to the Treasury Offset Program.

        i.   Complete the Financial Disclosure Statement on a form
provided by the USAO and, within 30 days of defendant's entry of a

guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

j.   Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

k.   Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

l.   Recommend that defendant be sentenced to a term of imprisonment of no less than 24 months.

3.   Defendant further agrees:

a.   To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following:

i.   103 California Employment Development Department pre-paid debit cards;

ii.  78 Economic Impact Payment cards;

iii. Six notebooks and two pieces of paper containing names, addresses, and personal identifying information belonging to third-parties;

3

1          iv.   One red HP laptop, Model 15-DW-0081wm with serial

2     number CND02949ZN;

3          v.    One Apple iPhone 13 (A2482) cellular device with

4     IMEI 350294953938243;

5          vi.   One Apple iPhone 11 Pro Max (A2342) cellular

6     device with IMEI 359735195905474;

7          vii.  One black LG mobile device;

8          viii. One dark grey Apple iPhone 11 Pro Max with

9     serial number G6TCHEP8N70G;

10         ix.   One T-Mobile RevvI4 phone; and

11         x.    One purple Apple iPhone with phone number

12    9092828481 (collectively, the "Forfeitable Property").

13         b.   To the Court's entry of an order of forfeiture at or

14    before sentencing with respect to the Forfeitable Property and to the

15    forfeiture of the property.

16         c.   To take whatever steps are necessary to pass to the

17    United States clear title to the Forfeitable Property, including,

18    without limitation, the execution of a consent decree of forfeiture

19    and the completing of any other legal documents required for the

20    transfer of title to the United States.

21         d.   Not to contest any administrative forfeiture

22    proceedings or civil judicial proceedings commenced against the

23    Forfeitable Property.  If defendant submitted a claim and/or petition

24    for remission for all or part of the Forfeitable Property on behalf

25    of himself or any other individual or entity, defendant shall and

26    hereby does withdraw any such claims or petitions, and further agrees

27    to waive any right he may have to seek remission or mitigation of the

28

forfeiture of the Forfeitable Property. Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A).

  e. Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

  f. Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

  g. To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

  h. To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

  i. That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

  j. That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

  k. With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges

that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

l.    To the entry as part of defendant's guilty plea of a personal money judgment of forfeiture against defendant in the amount of $16,020, which sum defendant admits was derived from proceeds traceable to the violations described in the factual basis. Defendant understands that the money judgment of forfeiture is part of defendant's sentence, and is separate from any fines or restitution that may be imposed by the Court.

THE USAO'S OBLIGATIONS

4.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, move to dismiss the remaining counts of the superseding indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to

U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSES

5.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, Bank Fraud, in violation of Title 18, United States Code, Section 1344(2), the following must be true: (1) defendant knowingly carried out a scheme or plan to obtain money or property from a financial institution by making false statements or promises; (2) defendant knew that the statements or promises were false; (3) the statements or promises were material, that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property; (4) defendant acted with the intent; and (5) the financial institution was federally insured.

6.   Defendant understands that for defendant to be guilty of the crime charged in count sixteen, that is, Possession of Fifteen or More Unauthorized Access Devices, in violation of Title 18, United States Code, Section 1029(a)(3), the following must be true: (1) the defendant knowingly possessed at least fifteen unauthorized access devices at the same time; (2) the defendant knew that the devices were unauthorized; (3) the defendant acted with the intent to defraud; and (4) the defendant's conduct in some way affected commerce between one state and another state, or between a state of the United States and a foreign country.

## PENALTIES AND RESTITUTION

7.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1344(2), is: 30 years' imprisonment; a five-year period

of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1029(a)(3), is: 10 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 40 years' imprisonment; a five-year period of supervised release; a fine of $1,250,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

10.   Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offenses to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any count dismissed and charges not prosecuted pursuant to this agreement as well as all

relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts and charges.  The parties currently believe that the applicable amount of restitution is at least $225,023.78, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

11.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

12.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

13.   Defendant and her counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including her attorney or the Court, can predict to an absolute certainty the effect of her convictions on her immigration status.  Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her pleas may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

14.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 16 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

1     Beginning on an unknown date but no later than December 13,
2   2014, and continuing on or around about May 11, 2020, in Los Angeles,
3   Riverside, and Orange Counties, within the Central District of
4   California, defendant and Co-Defendant #1, each aiding and abetting
5   the other, knowingly and intentionally executed a scheme to defraud
6   Bank of America, a federally insured financial institution based in
7   North Carolina, through means of materially false and fraudulent
8   statements.  As part of her involvement in this scheme, defendant
9   would exploit co-defendant #1's position as a mail carrier for the
10  United States Postal Service ("USPS") to obtain mail containing
11  California Employment Development Department ("EDD") cards, Economic
12  Impact Payment ("EIP") cards, and correspondence containing personal
13  identifying information related to victims assigned to co-defendant
14  #1's USPS postal route.  Defendant and co-defendant #1 would also
15  exchange personal identifying information using text messages and
16  Snapchat, a digital message service.  Defendant would then use the
17  unlawfully obtained personal identifying information to activate the
18  EDD and EIP cards over the phone and use them to make fraudulent ATM
19  withdrawals and purchases.  At all relevant times, defendant and co-
20  defendant #1 acted with intent to defraud.

21     Specifically, and in furtherance of the scheme, on March 16,
22  2020, defendant obtained an EDD card ending in 0335 and personal
23  identifying information belonging to victim M.V. that co-defendant #1
24  stole from mail assigned to co-defendant #1's mail route. Using
25  M.V.'s personal identifying information, defendant fraudulently
26  activated the EDD card ending in 0335 and created a Personal
27  Identification Number ("PIN") to access funds from M.V.'s EDD
28  account, which was held at Bank of America.  On March 24, 2020, in

Corona, California, defendant used M.V.'s stolen EDD card ending in 0335 to withdraw $500 from a Bank of America ATM located in Corona, California.  In doing so, defendant made materially false representations to Bank of America, including that defendant had authority to use M.V.'s EDD card and access funds held in M.V.'s Bank of America account.  During the course of the scheme between December 13, 2014 and May 11, 2020, defendant fraudulently activated and made unauthorized cash withdrawals from at least 125 victim accounts and thereby stole approximately $215,641.53 from Bank of America.

Additionally, on December 1, 2021, in Riverside County, within the Central District of California, defendant knowingly and with the intent to defraud, possessed hundreds of unauthorized access devices, including EDD and EIP card numbers and social security numbers.  At the time, defendant knew the access devices were unauthorized and possessed them with the intent to defraud.  Defendant admits that at least 15 of the unauthorized access devices in her possession were shipped from another state to California and/or otherwise affected interstate commerce in aggregate.  Specifically, on December 1, 2021, law enforcement agents conducted a search warrant at defendant's apartment in Corona, California, within the Central District of California.  At the time, defendant illegally possessed 78 EIP cards in other people's names, 103 EDD cards in other people's names, and over 1,400 pieces of mail addressed to various victims, including letters containing additional EDD and EIP cards.  The recovered EIP cards, both the standalone cards and the cards still in the mail, totaled approximately 300 victims.  Defendant personally activated or attempted to activate at least thirteen of the recovered EIP cards. Defendant personally activated an additional EIP card that was not

recovered from her apartment.  Of those fourteen EIP cards, defendant used eight of them to make fraudulent purchases and ATM withdrawals totaling $9,382.25.  Inside her apartment, defendant also possessed six notebooks and multiple pieces of paper with third-party personal identifying information written on them, including approximately 675 social security numbers.

SENTENCING FACTORS

15.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

16.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| More Than 10 Victims | +2 | U.S.S.G. § 2B1.1(b)(2)(A)(i) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, including under U.S.S.G. § 2B1.1(b)(1)(H) (losses exceeding at least $550,000).

13

17.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18.   Except as provided in Paragraph 2(h), defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

20.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

21.  Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 9 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $225,023.78; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised

15

release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

22.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 24 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $225,023.78.

23.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

24.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds

16

in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

25.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining convictions, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

EFFECTIVE DATE OF AGREEMENT

26.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

27.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

28.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any

18

1  speedy trial claim with respect to any such action, except to the

2  extent that such defenses existed as of the date of defendant's

3  signing this agreement.

4          c.   Defendant agrees that: (i) any statements made by

5  defendant, under oath, at the guilty plea hearing (if such a hearing

6  occurred prior to the breach); (ii) the agreed to factual basis

7  statement in this agreement; and (iii) any evidence derived from such

8  statements, shall be admissible against defendant in any such action

9  against defendant, and defendant waives and gives up any claim under

10  the United States Constitution, any statute, Rule 410 of the Federal

11  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

12  Procedure, or any other federal rule, that the statements or any

13  evidence derived from the statements should be suppressed or are

14  inadmissible.

15          COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

16                         OFFICE NOT PARTIES

17      29.  Defendant understands that the Court and the United States

18  Probation and Pretrial Services Office are not parties to this

19  agreement and need not accept any of the USAO's sentencing

20  recommendations or the parties' agreements to facts or sentencing

21  factors.

22      30.  Defendant understands that both defendant and the USAO are

23  free to: (a) supplement the facts by supplying relevant information

24  to the United States Probation and Pretrial Services Office and the

25  Court, (b) correct any and all factual misstatements relating to the

26  Court's Sentencing Guidelines calculations and determination of

27  sentence, and (c) argue on appeal and collateral review that the

28  Court's Sentencing Guidelines calculations and the sentence it

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 16 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

31.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

32.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

1          <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2     33.  The parties agree that this agreement will be considered

3 part of the record of defendant's guilty plea hearing as if the

4 entire agreement had been read into the record of the proceeding.

5 AGREED AND ACCEPTED

6 UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF

7 CALIFORNIA

8 E. MARTIN ESTRADA
United States Attorney

9

10 *Kyle W. Kahan*              March 2, 2023
                                                               

11 KYLE W. KAHAN                    Date
Assistant United States Attorney

12                                      **3·2·23**

13 MICHALEA LATISE BARKSDALE      Date
Defendant

14

15 ERIN M. MURPHY                  03/02/2023
Deputy Federal Public Defender   Date
Attorney for Defendant

16 MICHALEA LATISE BARKSDALE

17

18                 <u>CERTIFICATION OF DEFENDANT</u>

19     I have read this agreement in its entirety.  I have had enough

20 time to review and consider this agreement, and I have carefully and

21 thoroughly discussed every part of it with my attorney.  I understand

22 the terms of this agreement, and I voluntarily agree to those terms.

23 I have discussed the evidence with my attorney, and my attorney has

24 advised me of my rights, of possible pretrial motions that might be

25 filed, of possible defenses that might be asserted either prior to or

26 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

27 of relevant Sentencing Guidelines provisions, and of the consequences

28 of entering into this agreement.  No promises, inducements, or

representations of any kind have been made to me other than those
contained in this agreement.  No one has threatened or forced me in
any way to enter into this agreement.  I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charges and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____          3·2·23
MICHALEA LATISE BARKSDALE                  Date
Defendant

                CERTIFICATION OF DEFENDANT'S ATTORNEY

     I am MICHALEA LATISE BARKSDALE's attorney.  I have carefully and
thoroughly discussed every part of this agreement with my client.
Further, I have fully advised my client of her rights, of possible
pretrial motions that might be filed, of possible defenses that might
be asserted either prior to or at trial, of the sentencing factors
set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is an informed and voluntary one; and the factual basis set

                                22

forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____          03/02/2023
ERIN M. MURPHY                             Date
Deputy Federal Public Defender
Attorney for Defendant
MICHALEA LATISE BARKSDALE